Mr. Bill Schmid Executive Director The Florida Distance Learning Network Florida Education Center 325 West Gaines Street, B1-54 Tallahassee, Florida 32399-0400
Dear Mr. Schmid:
You ask substantially the following question:
Is the Florida Distance Learning Network, established pursuant to Part II, Chapter 364, Florida Statutes, a public or private corporation?
In sum:
In the absence of legislative or judicial clarification, the Florida Distance Learning Network appears to be in the nature of a public corporation or a quasi-public corporation.
A question has been raised as to the nature of the Florida Distance Learning Network, created by the 1995 Legislature in Part II of Chapter 364, Florida Statutes. According to your letter, the Auditor General has suggested that the issue of classifying the Florida Distance Learning Network be referred to this office.
Part II of Chapter 364, Florida Statutes, constitutes the "Education Facilities Infrastructure Improvement Act."[1] In setting forth the legislative intent for the act, section 364.507, Florida Statutes, provides that it is in the interest of the state to assure its citizens access to advanced telecommunications services.[2] To accomplish this, the Legislature seeks to encourage competition among telecommunications service providers and encourage joint ventures between telecommunications companies, cable companies, and other providers where such ventures accelerate or improve eligible facilities in receiving such advanced services.[3]
Section 364.509(1), Florida Statutes, provides:
It is the intent of the Legislature to establish a coordinated system for cost-efficient advanced telecommunications services and distance education to:
(a) Increase student access to education.
(b) Maximize the use of advanced telecommunications services and their application to provide affordable education.
(c) Promote interagency cooperation and promote partnerships.
(d) Secure any available federal or private funds and other resources in support of advanced telecommunications services and distance education.
The Florida Distance Learning Network (Network) was created for all the purposes set forth in Part II, Chapter 364, Florida Statutes.[4] It was established with the necessary powers to "exercise responsibility for statewide leadership in coordinating, enhancing, and serving as a resource center for advanced telecommunications services and distance learning in all public education delivery systems."[5] It is responsible for creating and facilitating implementation of a statewide coordinated and resource system for cost-efficient advanced telecommunications services and distance education, as well as coordinating the use of existing resources.[6] Thus, its authority extends statewide and is not limited to a particular geographic area.
The Network is governed by a board of directors whose composition is prescribed by statute.[7] While the act does not classify the Network or its board of directors, section 364.511, Florida Statutes, provides that the board has the power of a body corporate and is authorized, among other things, to make contracts; sue and be sued; adopt a common corporate seal; adopt, amend and repeal bylaws; and, in formal agreement with distance learning providers, acquire, use, and dispose of patents, copyrights and trademarks. Pursuant to section 364.511(2), Florida Statutes, however, under no circumstances may the credit of the state be pledged on behalf of the Network.
In Forbes Pioneer Boat Line v. Board of Commissioners ofEverglades Drainage District,[8] the Supreme Court of Florida considered the distinctions between private corporations, quasi-public corporations, and public corporations, stating:
"A private corporation is one formed for the benefit of its stockholders exclusively. When it is invested with certain powers of a public nature to permit it to discharge duties to the public, it loses its strictly private character and becomes quasi public. A corporation is public when created for a public purposes only, connected with the administration of government, and where the whole interests and franchises are the exclusive domain of the government itself."[9]
Thus, the Court determined that the Everglades drainage district, created with all the powers of a body corporate, including the power to sue and be sued, to make contracts and to use a common seal, was a public quasi-corporation. As such, it was "a governmental agency of the state for certain definite purposes, having such authority only as is delegated to it by law."[10]
This office has stated that the primary characteristic of a public or quasi-public corporation is its creation by law.[11] InO'Malley v. Florida Insurance Guaranty Association,[12] the Court considered the nature of the Florida Insurance Guaranty Association, created by statute as a nonprofit corporation. The Court distinguished between private corporations that have no official duties or concern with the affairs of government, are voluntarily organized and are not bound to perform any act solely for government benefit, and public corporations that are organized for the benefit of the public. Concluding that the association was "a legislatively declared `mechanism' to aid and benefit numerous citizens" who had suffered a loss of insurance protection because of the insolvency of their insurers, the Court held that the association was a public or quasi-public corporation.[13]
Similarly, the Florida Distance Learning Network was created by statute. It was established to carry out the provisions of the Education Facilities Infrastructure Improvement Act, which has been declared by the Legislature to serve a state function. Its board of directors has been granted the powers of a body corporate to carry out that function.
In light of the above and in the absence of clarification by either the Legislature or the judiciary, I am of the opinion that the Florida Distance Learning Network is a public or quasi-public corporation. In light of the confusion that has arisen regarding the Network's classification, however, the Legislature may wish to clarify the status of the Network by amendatory legislation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 364.506, Fla. Stat.
[2] Section 364.507(1), Fla. Stat.
[3] Sections 364.507(3) and (4), Fla. Stat.
[4] Section 364.509(2), Fla. Stat.
[5] Section 364.509(3), Fla. Stat.
[6] Section 364.510(1) and (2), Fla. Stat.
[7] See, s. 364.509(3), Fla. Stat., prescribing the composition of the board to include the Commissioner of Education or designee; the State University System Chancellor or designee; the State Community College System executive director or designee; Secretary of Management Services or designee; the President of the Independent Colleges and Universities or designee; the Public Counsel or designee; a member of the Senate and a representative of the International Brotherhood of Electrical Workers, appointed by the President of the Senate; a member of the House of Representatives and a representative of the Communications Workers of America, appointed by the Speaker of the House of Representatives; four members of the private sector representing the cable telecommunications industry, the local exchange telecommunications industry, and the interexchange industry, two of whom are appointed by the Florida Cable Telecommunications Association and two of who are appointed by the Florida Telephone Association; two members from the health care community appointed by the Governor, one member from a teaching hospital and one from a rural hospital; and the State Librarian or designee.
[8] 82 So. 346 (Fla. 1919). And see, Black's Law Dictionary,Corporation pp. 409-410 (4th rev. ed. 1968) (public corporation is one created by state for political purposes and to act as an agency in the administration of civil government [but if] organized by private persons for their own advantage, or even if organized for the benefit of the public generally, it is none the less a private corporation); 18 C.J.S. Corporations s. 6 (generally public corporation is created by government for public purposes, political or otherwise, whereas a private corporation is one formed by voluntary agreement of its members for private and in some instances for public purposes).
[9] 82 So. at 350. The Forbes court also contrasted public corporations such as municipal corporations which are full fledged corporations with all the powers, duties, and liabilities incident to such status with public quasi-corporations which possess only a portion of the powers, duties, and liabilities of corporations.
[10] Id.
[11] See, Op. Att'y Gen. Fla. 78-106 (1978).
[12] 257 So.2d 9, 11 (Fla. 1971).
[13] And see, Op. Att'y Gen. Fla. 83-20 (1983) in which this office stated that with the creation of the Florida State Fair Authority as a public body corporate, the Legislature has created a public corporation or public quasi-corporation for state purposes to carry out a state function.